UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN



| United States of America, | No. 17-20668 |
|---|---|
| Plaintiff, | Hon. Robert H. Cleland |
| v. | |
| D-3 Deaire Rayford, | **Offense:**<br>21 U.S.C. § 846<br>Conspiracy to Distribute and to Possess<br>with Intent to Distribute Controlled<br>Substances |
| Defendant. | |

**Maximum Penalty:**
Life (Count 1)
**Minimum Penalty:**
10 years (Count 1)
**Maximum Fine:**
Not to exceed $10,000,000
**Mandatory Supervised Release:**
At least 5 years

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

defendant, Deaire Rayford, and the government agree as follows:

1. **Guilty Plea**

    A. **Count of Conviction**

    Defendant will enter a plea of guilty to Count One of the Indictment, which

ORIGINAL

charges him with conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i).

B. **Elements of Offense**

The elements of Count One are as follows:

1. The defendant knowingly and intentionally entered into an agreement with others; and

2. The purpose of the agreement was to distribute one or more controlled substances, specifically one kilogram or more of a mixture or substance containing heroin and a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimede, commonly known as fentanyl.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty pleas:

The defendant conspired with Timothy Williams and others to distribute heroin and heroin mixed with fentanyl in Oakland County and elsewhere. The defendant joined the conspiracy, known as the "Hustle Boys" and "TEAM," as early as 2010 and participated in the conspiracy whenever he was not incarcerated. The defendant delivered heroin purchased from the organization by customers; he also received orders for heroin directly from customers. The organization

distributed at least 30 kilograms of heroin during the defendant's involvement in the conspiracy.

## 2. Sentencing Guidelines

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. **The parties agree that a statutory mandatory minimum term of imprisonment of 10 years is applicable in this case.** Except as provided below, the parties recommend that the defendant's guideline range is **262 – 327 months**, as set forth on the attached worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **262 – 327 months**, the higher guideline range becomes the **agreed range**. The Court is not bound by

this recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Rule 11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than the mid-point of the sentencing guideline range as determined by Paragraph 2B. However, the parties acknowledge that the Court **must impose a mandatory minimum sentence of 10 years' imprisonment**.

The parties jointly recommend that any sentence imposed in this case run concurrent with his existing state sentence.

- 4 -

B.  **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is 5 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.  **Special Assessment**

Defendant will pay a special assessment of $100.00 at the time of sentencing.

D.  **Fine**

There is no agreement as to fines.

E.  **Restitution**

Restitution is not applicable to this case.

4.  **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5.     **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

6.     **Each Party's Right to Withdraw from This Agreement**

The recommendations in Paragraph 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

7.     **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 327 months, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 262 months, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

8.     **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the

order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 02/28/2018. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney


Steven P. Cares
Assistant United States Attorney
Chief, Drug Task Force


John N. O'Brien II
Assistant United States Attorney


Shane Cralle
Assistant United States Attorney

Date: 02/21/2018

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.


Loren M. Dickstein
Attorney for Defendant

4 - 5 - 2018
Date


Deaire Rayford
Defendant

4 - 5 - 18
Date

# OFFENSE LEVEL

Defendant **D-3 Deaire Rayford**                    District/Office **Eastern District of Michigan**

Docket Number **17-20668**

Count Number(s) **1**                    U.S. Code Title & Section **21** : **846** ; ___ : ___

*Guidelines Manual* Edition Used: 20**16** (*Note:* The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

## INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

---

**1. Offense Level** (*See Chapter Two*)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2D1.1(c)(2) | at least 30 KG, but less than 90 KG, heroin | 36 |
| | | |
| | | |
| | | |
| | | |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.                    Sum [ ]

---

**2. Victim-Related Adjustments** (*See Chapter Three, Part A*)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".                    § _____ [ ]

---

**3. Role in the Offense Adjustments** (*See Chapter Three, Part B*)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".                    § _____ [ ]

---

**4. Obstruction Adjustments** (*See Chapter Three, Part C*)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".                    § _____ [ ]

---

**5. Adjusted Offense Level**

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.                    **36**

---

[ ] Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[ ] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# MULTIPLE COUNTS*

Defendant __D-3 Deaire Rayford__          Docket Number __17-20668__

## INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (see §3D1.2(a)). Explain the reasons for grouping:

_____

_____

_____

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (i.e., counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. See §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (see §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

| | |
|---|---|
| **1.   Adjusted Offense Level for the First Group of Counts** | |
| Count number(s) _____ | [    ]  _____ Unit |
| **2.   Adjusted Offense Level for the Second Group of Counts** | |
| Count number(s) _____ | [    ]  _____ Unit |
| **3.   Adjusted Offense Level for the Third Group of Counts** | |
| Count number(s) _____ | [    ]  _____ Unit |
| **4.   Adjusted Offense Level for the Fourth Group of Counts** | |
| Count number(s) _____ | [    ]  _____ Unit |
| **5.   Adjusted Offense Level for the Fifth Group of Counts** | |
| Count number(s) _____ | [    ]  _____ Unit |
| **6.   Total Units** | |
| | _____ **Total Units** |

**7.   Increase in Offense Level Based on Total Units** (See §3D1.4)

| 1 unit: | no increase | 2½ – 3 units: | add 3 levels | [    ] |
|---|---|---|---|---|
| 1½ units: | add 1 level | 3½ – 5 units: | add 4 levels | |
| 2 units: | add 2 levels | More than 5 units: | add 5 levels | |

**8.   Highest of the Adjusted Offense Levels from Items 1–5 Above**

[    ]

**9.   Combined Adjusted Offense Level** (See §3D1.4)

Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1.          [    ]

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (see §1B1.2(d)); offense guidelines that direct such application (e.g., §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (see §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

Defendant __D-3 Deaire Rayford__    Docket Number __17-20668__

> Note: As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.

**Enter the Earliest Date of the Defendant's Relevant Conduct** _____
(The date of *the defendant's commencement of the instant offense*(s))

### 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(d)(2)(B).

Note: Identify as "**adult**" any sentence exceeding one year and one month that resulted from an adult conviction.
A **release date** is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to *the defendant's earliest date of relevant conduct*, but release from confinement occurred within such 5-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

### 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(e)(2).

Note: A **release date** is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| 2/13/10 | dangerous drugs | fine | | 4A1.1(c) | 1 |
| 8/2/11 | home invasion - 3d deg | 365 days | | 4A1.1(b) | 2 |
| 8/31/11 | assault w/ dangerous weapon | 365 days | | 4A1.1(b) | 2 |
| 9/18/15 | possesion cocaine, heroin | 90 days; 2 years prob | | 4A1.1(b) | 2 |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant  D-3 Deaire Rayford                          Docket Number  17-20668

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| 6/6/16 | possession of marijuana | fine | | 4A1.1(c) | 1 |
| 12/22/16 | del / mfg heroin | 37 months | | 4A1.1(a) | 3 |
| 2/15/17 | assault w/ dangerous weapon; del / mfg heroin | 3 years | | 4A1.1(a) | 3 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

---

**3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2**

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.

$\boxed{14}$

**4. "Status" of Defendant at Time of Instant Offense**

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**.

$\boxed{2}$

**5. Crimes of Violence**

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**.

$\boxed{\phantom{0}}$

**4. Total Criminal History Points** (Sum of Items 3–5)

$\boxed{16}$

**5. Criminal History Category** (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

$\boxed{\text{VI}}$

Defendant __D-3 Deaire Rayford__                    Docket Number __17-20668__

---

**1. Adjusted Offense Level** (From Worksheet A or B)

If Worksheet B is required, enter the result from Worksheet B, Item **9**. Otherwise, enter the result from Worksheet A, Item 5.

| 36 |

**2. Acceptance of Responsibility** (See Chapter Three, Part E)

Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".

| – 3 |

**3. Offense Level Total** (Item 1 less Item 2)

| 33 |

**4. Criminal History Category** (From Worksheet A or C)

Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

| VI |

**5. Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

**a. Offense Level Total**

If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

| 37 |

**b. Criminal History Category**

If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

| VI |

**6. Guideline Range from Sentencing Table**

Enter the applicable guideline range from Chapter Five, Part A, in months.

| 262 | **to** | 327 |

**7. Restricted Guideline Range** (See Chapter Five, Part G)

If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

| 120 | **to** | |

☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

---

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant D-3 Deaire Rayford    Docket Number 17-20668

---

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

**Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

☐ If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

**Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

☐ If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

**Zone C** (See §5C1.1(a) & (d))

☐ If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

**Zone D** (See §5C1.1(a) & (f))

☑ If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

---

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant **D-3 Deaire Rayford**          Docket Number **17-20668**

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

a. **Imposition of a Term of Supervised Release:**

[✓] Ordered because required by statute (*See* §5D1.1(a)(1)).

[ ] Ordered because a sentence of imprisonment of more than one year is imposed (*See* §5D1.1(a)(2)).

[ ] Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (*See* §5D1.1(c)).

[ ] Ordered because it may be ordered in any other case (*See* §5D1.1(b)).

b. **Length of Term of Supervised Release**

Check the Class of the Offense:

[ ] Class A or B Felony: Two to Five Year Term (*See* §5D1.2(a)(1))

[ ] Class C or D Felony: One to Three Year Term (*See* §5D1.2(a)(2))

[ ] Class E Felony or Class A Misdemeanor: One Year Term (*See* §5D1.2(a)(3))

[✓] If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (*See* §5D1.2(c)):

    __5__ years mandatory minimum term of supervised release

[ ] If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (*See* §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:

_____

_____

b. Enter whether restitution is statutorily mandatory or discretionary:

_____

c. Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:

_____

Defendant D-3 Deaire Rayford          Docket Number 17-20668

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

|   |   | Minimum | Maximum |
|---|---|---------|---------|

**a. Special Fine Provisions**

[✓] Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.      $ 10,000,000

**b. Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.     $ 40,000     $ 400,000

**c. Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 15(b)) and the greater maximum above (Item 15(a) or 15(b))).     $ 40,000     $ 10,000,000

**d. Ability to Pay**

[✓] Check this box if the defendant does not have an ability to pay.

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**     $ 100

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____

_____

_____

_____

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____

_____

_____

_____

Completed by _____     Date _____